[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de DEFENDANT'S MOTION TO REOPEN JUDGMENT (#138)
The parties' marriage was dissolved by decree entered on January 17, 1992 (Coppeto, J.). A separation agreement dated January 17, 1992 was presented to the court. The court found it to be a fair and equitable agreement. The plaintiff filed a financial affidavit dated, signed and sworn to on January 17, 1992. (Defendant's Exhibit A) and document (122). The following footnote appears thereon:
"A. Income from employment: 1. CT Page 3391
 1. Plaintiff also receives a bonus paid in January of each year representing the bonus for the period year. Amount of net bonus paid in 1991 (for employment) was approximately $52,000.00. Amount of net bonus check expected in January, 1992 is approximately $50,000.00 ($30,000.00 advance on 1992 bonus received in July, 1991). Bonus amount varies yearly."
The plaintiff is, and was at the time a stock broker. On the day of the final hearing the defendant knew the plaintiff was due to receive his annual bonus in January or February. The defendant testified she drew the conclusion, from reading the plaintiff's affidavit, that she thought an $80,000.00 bonus was due him that would net out to about $50,000.00 to $60,000.00.
The defendant's 1992 employee earnings record (Defendant's Exhibit (B) lists:
 Pay No Rate Earnings Gross Voluntary Deductions ------ ---- -------- ----- -------------------- 01 3,750.00 3,750.00 3,750.00 30,000.00
02 — 90,000.00 90,000.00
03 — 50,000.00 50,000.00
The plaintiff received, before taxes, bonus payments totaling $110,000.00 after the $30,000.00 advance paid in July, 1991 was deducted. The plaintiff also received a pay raise to $4,166.67 first paid on January 31, 1992. His employer withheld federal, state and city taxers totaling $40,355.00 plus an additional $1,050.00 deducted for social security and medicare, a grand total of $41,405.00, leaving cash in hand of $64,594.00, as shown on the exhibits.
The plaintiff testified that he had been in court on the 17th and returned to work on the next day at which time he was advised of his bonuses and the pay increase.
If fraud exists, it must be found in the circumstances surrounding January 17, 1992. No evidence was offered by the defendant to contradict the plaintiff's testimony that he was advised of his bonus amounts on the 18th.
This court cannot find that a false statement was made as a statement of fact. The plaintiff's affidavit gave no dollar CT Page 3392 amount of the expected bonus. The defendant testified she projected and predicted a net bonus between $50,000.00 and $60,000.00 net and these amounts are repeated in paragraph 3.1 of the separation agreement. Finally, no one, on January 17, 1992, asked the plaintiff if he had been informed of his bonus awards. The plaintiff expected, to quote paragraph 3.1:
 ". . . the parties' understanding that the husband expects a net bonus payment in January, 1992 of $50,000 — $60,000 . . ."
This court finds that the plaintiff is a credible witness; that he did not conceal the bonus awards or his raise in pay; that he made no false representation as a statement of fact,Billington v. Billington 220 Conn. 212, 217 (1991). The court further finds that the defendant voluntarily elected to proceed to judgment relying on her interpretation of the defendant's affidavit rather than postponing the final hearing until the actual bonus amounts were awarded to the plaintiff. Finally, if the defendant expected the plaintiff to receive a net bonus payment of as much as $60,000 and he actually was paid $64,594, this court cannot view the difference as material.
The plaintiff's motion is denied.
HARRIGAN, J.